UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY TOWNLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>K. SANTORO,<br><br>    Defendant.<br>_____/ | CASE NO.   1:12-cv-15-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Terry Townley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on December 21, 2011. (Compl., ECF No. 1.) Plaintiff's Complaint is currently before the Court for screening. No other parties have appeared in this action. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

The Court finds that Plaintiff's Complaint fails to state a claim. Plaintiff will be given leave to file an amended complaint.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## II.    SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at California State Prison, Corcoran ("CSP-COR"). It appears that the events alleged in his Complaint occurred at California Substance Abuse Treatment Facility and State Prison ("CSATF").  Plaintiff names K. Santoro, associate warden, as the sole Defendant in this action.[1]

Plaintiff's allegations are unclear and the statutory basis for them is unstated.  His allegations are as follows:

Plaintiff is in a wheelchair and cannot protect himself.[2]  On July 5, 2011, Plaintiff told several prison officers that his cell-mate had made verbal threats to kill him.  Plaintiff told some that his cell-mate was an enemy, was  crazy and would hurt him.  Inmate Udell was

---

[1] Plaintiff's Complaint refers to a number of individuals who are not named as defendants in the action.  If Plaintiff wishes to state a claim against these individuals, he must name them as defendants in his amended complaint and specify what each did or failed to do to violate his rights.

[2] Plaintiff alleges he filed a previous action regarding his concerns that CSATF staff are trying to harm him.  Plaintiff appears to be referring to Townley v. Unknown, 3:11-cv-1952, which was transferred to the Northern District of California on April 11, 2011.  That action related to Plaintiff's participation in a hunger strike.  It  has since been voluntarily dismissed.

1 moved to another cell on July 5, 2011. Plaintiff refused to be housed with inmate Udell
2 again. He was told that if he refused, he would be given a 115 and lose good time credits.
3 Inmate Udell was returned to Plaintiff's cell on August 10, 2011. He stabbed Plaintiff on
4 this same day. Plaintiff was seriously injured and almost lost his vision. Unspecified prison
5 officials are trying to have Plaintiff killed by housing him with inmate Pratt.

6   On October 27, 2011, Plaintiff told Defendant Santoro and others that he was
7 concerned for his safety due to Mexican inmates having made threats against him. They
8 threatened him because Plaintiff refused to live with inmate Rodrueize.

9   Plaintiff is receiving death threats for filing a complaint in California state courts
10 regarding an October 20, 2010 inmate murder. Plaintiff has had his television and legal
11 material taken away. Plaintiff needs this Court's help because his life is in danger.

12   Plaintiff asks for an injunction ordering him placed on single cell status until he is
13 released on "January 30, 2011". He also asks for an injunction to be returned to the
14 Federal Bureau of Prisons.

15 **IV.   ANALYSIS**

16   **A.   Section 1983 Claims**

17   To state a claim under Section 1983, a plaintiff must allege two essential elements:
18 (1) that a right secured by the Constitution or laws of the United States was violated and
19 (2) that the alleged violation was committed by a person acting under the color of state law.
20 See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,
21 1245 (9th Cir. 1987).

22   A complaint must contain "a short and plain statement of the claim showing that the
23 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are
24 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
25 mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
26 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set
27 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
28 face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.     Federal Rule of Civil Procedure 18(a)

Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (i.e. deliberate indifference) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

Plaintiff's Complaint contains unrelated claims in violation of Rule 18. The Court identifies several distinct groupings of unrelated claims in Plaintiff's allegations: (1) what appears to be Eighth Amendment claim, against individuals not named as defendants in this action, for failure to protect Plaintiff from inmate Udell, (2) what appears to be an Eighth Amendment claim, against individuals not named as defendants in this action, for failure to protect Plaintiff from inmate Pratt, (3) what appears to be an Eighth Amendment claim, against Defendant Santoro and individuals not named as defendants in this action, for failure to protect Plaintiff from Mexican inmates, and (4) what appears to be a First Amendment retaliation claim against unspecified individuals.

The Court will review and discuss the law applicable to each of Plaintiff's claims so that Plaintiff might evaluate which, if any, he feels may be and should be pursued here and

which, if any, may be and should be pursued in different actions.[3]  Plaintiff must file a separate complaint for each unrelated claim against different Defendants.  If he does not, all unrelated claims will be subject to dismissal.

**C.     Plaintiff's Claims**

Plaintiff has not alleged a statutory basis for his claims and, thus, has not stated a cognizable claim.  However, it appears he may wish to allege an Eighth Amendment claim for failure to protect and a First Amended claim for retaliation.  The standards for alleging such claims is set forth below.  If Plaintiff elects to amend, he should use these standards to guide him.

1.     Eighth Amendment - Failure to Protect

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no constitutional right, however, to enjoy a particular security classification or housing.  See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support

---

[3] Plaintiff is reminded that filing an action based on claims that are not cognizable and/or frivolous may adversely affect his ability to file actions in forma pauperis in the future.  28 U.S.C. § 1915(g).

that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

      2. First Amendment - Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prong, filing a grievance is a protected action under the First

Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

## IV.    CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,SFO Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an

1  original complaint which are not alleged in an amended complaint are waived." King, 814
2  F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981));
3  accord Forsyth, 114 F.3d at 1474.

      Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed December 21, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 30, 2012      /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE